JUSTICE RICE,
concurring.
¶103 I concur with the holding of the Court and have thus signed the opinion. However, I believe the attempt to manage the caseloads of the district courts is misguided and thus take issue with the Court’s statement that “it is essential that a firm trial date be set at the defendant’s arraignment and that a firm trial date be maintained all the way to trial.” Opinion, ¶ 74. We have no way of knowing whether this will be possible or practical for every case in every district, and stating such a directive will no doubt fuel challenges to the district court’s scheduling decisions, making a difficult task even more so. While the courts must be sensitive to a defendant’s speedy trial right, as the District Court was here, “[a] court must always keep control of its own docket.” State v. Garcia, 2003 MT 211, ¶ 32, 317 Mont. 73, 75 P.3d 313. Scheduling issues should remain the province of the district courts, which we should review for abuse of discretion.
CHIEF JUSTICE McGRATH joins the concurring Opinion of JUSTICE RICE.